Robert B. Jobe (Cal. State Bar #133089)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny St., Ste. 200
San Francisco, CA 94108
Tel:   (415) 956-5513
Fax:   (415) 956-0850
Email: bob@jobelaw.com

Attorney for Plaintiffs.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SUKHWINDER SINGH,
DHARAM SINGH,

    Plaintiffs,

v.

MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; DEPARTMENT OF HOMELAND SECURITY; LYNNE SKEIRIK, DIRECTOR, NATIONAL VISA CENTER; U.S. CONSUL GENERAL MICHAEL S. OWEN, U.S. EMBASSY, NEW DELHI, INDIA; CONDOLEEZZA RICE, SECRETARY OF STATE,

    Defendants.

No.

CV 08 2362 SI

COMPLAINT FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT

DHS Number (Sukhwinder Singh):
A 71-485-162

## COMPLAINT

By and through their undersigned attorney, Plaintiffs, SUKHWINDER SINGH ("Mr. Singh"), and DHARAM SINGH ("Dharam"), as and for their complaint, allege as follows:

### PRELIMINARY STATEMENT

1.    In 1988, Mr. Singh's brother filed an I-130 petition for alien relative on his behalf with U.S. Citizenship and Immigration Services ("USCIS," formerly the Immigration and

Complaint for Relief Under the Administrative Procedure Act

Naturalization Service).[1] The petition was approved on September 6, 1991, with a priority date of May 9, 1988. A visa would not become available until sometime after July 2001.[2] No correspondence from the U.S. embassy in Delhi or USCIS indicating that a visa had become current or that action should be taken on the petition was ever sent to the petitioner or the beneficiary.

2. On February 22, 2005, Mr. Singh filed a Form I-485 application to adjust status based on his approved I-130 petition. On August 2, 2006, DHS filed a brief with the Immigration Judge ("IJ") arguing that Mr. Singh was ineligible to adjust status as the "visa upon which respondent seeks to adjust status has been revoked pursuant to sections 203(g) and 205 of the Immigration and Nationality Act, as amended ("INA") and 22 C.F.R. § 42.83." In support of its position, DHS submitted a redacted copy of an email conversation between Assistant Chief Counsel Manning Evans and Timothy C. Swanson, Consul at the U.S. Embassy, New Delhi, and blank copies of the Form Letter DSL-1045 Notice of Termination of Registration and DSL-1046 Final Notice of Cancellation of Registration.

3. Although Defendants claim to have followed correct procedures in terminating Mr. Singh's registration, they offer no proof that notice was properly served upon Mr. Singh. Moreover, neither Mr. Singh nor his brother never received any notice that a visa had become current or that some further action was required regarding the petition. As the formal procedures were not properly conducted, the revocation of Mr. Singh's approved petition is arbitrary, capricious, and contrary to law.

---

[1] Pursuant to the *Department of Homeland Security Reorganization Plan, Homeland Security Act of 2002*, Pub. L. No. 107-296, 116 Stat. 2135 (2002), 6 U.S.C. §§ 101-557, as of March 1, 2003, the INS was abolished and its functions were transferred to the U.S. Citizenship and Immigration Services ("USCIS") within the Department of Homeland Security ("DHS").

[2] The visa bulletin that would reflect the availability of a 4th preference family visa petition from India with a priority date of May 9, 1988 is not available on the USCIS website, however, visa bulletins from before and after indicate that the visa became current sometime after July 2001 and before April 2002. See http://travel.state.gov/visa/frvi/bulletin/bulletin_1770.html.

Complaint for Relief Under the Administrative Procedure Act        2

## JURISDICTION

4. Jurisdiction over the subject matter of this civil action is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1361, as a civil action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to Plaintiffs; 5 U.S.C. § 702, as a challenge to agency action under the Administrative Procedure Act ("APA"); and 28 U.S.C. §§ 2201 and 2202, as a civil action seeking, in addition to other remedies, a declaratory judgment.

## VENUE

4. Venue is properly in this district pursuant to 28 U.S.C. §§ 1391(e)(2) and (e)(3), because a substantial part of the events giving rise to this claim occurred in this district, Mr. Singh resides in this district, and no real property is involved in this action.

## STANDING

5. The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Without questions, Defendant's failure to follow formal procedures in the termination and revocation of Mr. Singh's approved I-130 petition has adversely affected Mr. Singh's ability to obtain legal status in the United States. Plaintiffs thus fall within the APA's standing provisions. *See Legal Assistance for Vietnamese Asylum Seekers v. Dep't of State, Bureau of Consular Affairs*, 45 F.3d 469, 471-72 (D.C. Cir. 1995), *reh'g denied*, 74 F.3d 1308 (D.C. Cir.), *vacated on other grounds*, 117 S. Ct. 378 (1996); *see also, Abourezk v. Reagan*, 785 F.2d 1043, 1050-51 (D.C. Cir. 1986).

## PLAINTIFFS

6. Sukhwinder Singh, a native and citizen of India who currently resides at 27475 Hesperian Blvd., Hayward, California 94545, is the brother of Dharam Singh. Mr. Singh wishes to adjust his status to that of permanent resident based on an approved I-130 petition filed by his brother. Although Mr. Singh entered the United States in 1991 without a valid travel document, he is eligible to adjust his status pursuant to 8 U.S.C. 1255(i), as he is the beneficiary of a petition filed before April 30, 2001.

7. Dharam Singh is a U.S. citizen who currently resides at 12003 Hastings Green,

Complaint for Relief Under the Administrative Procedure Act        3

Houston, Texas, 77065. Dharam Singh was born in India, but became a naturalized U.S. citizen on November 6, 1987. On May 9, 1988, Dharam Singh filed an I-130 petition on behalf of his brother Sukhwinder Singh. The petition was approved on September 6, 1991. Although a visa became available to Mr. Singh, no further correspondence from the U.S. embassy in Dehli or USCIS indicating that action should be taken on the petition was ever sent to Dharam Singh or Mr. Singh. Defendants now claim, however, that the registration for the visa petition was properly terminated sometime in 2002, and that the records were subsequently destroyed sometime in 2004.

## DEFENDANTS

8. Michael Chertoff is the Secretary of the Department of Homeland Security, the executive department which contains the USCIS, and is sued herein in his official capacity. Defendant Chertoff is charged with the administration and enforcement of the Immigration and Nationality Act pursuant to INA § 103(a), 8 U.S.C. § 1103(a).

9. The Department of Homeland Security is the federal agency encompassing the USCIS, which is responsible for the administration and enforcement of the INA and all other laws relating to the immigration and naturalization of non-citizens.

10. Lynne Skeirik is the Director of the U.S. Department of State's National Visa Center and is sued in her official capacity.

11. Michael C. Owens is the Consul General at the U.S. Embassy in New Delhi, India and is sued herein in his official capacity.

12. Condoleezza Rica is the Secretary of State and oversees the U.S. Department of State. She is sued in her official capacity.

## RELEVANT LAW

13. This lawsuit arises out of Defendants' illegal termination and revocation of Mr. Singh's I-130 petition.

14. 8 U.S.C. 1153(g) states:

> For purposes of carrying out the Secretary's responsibilities in the orderly administration of this section, the Secretary of State may make reasonable estimates of the anticipated numbers of visas to be issued during any quarter

of any fiscal year within each of the categories under subsections (a), (b), and (c) of this section and to rely upon such estimates in authorizing the issuance of visas. The Secretary of State shall terminate the registration of any alien who fails to apply for an immigrant visa within one year following notification to the alien of the availability of such visa, but the Secretary shall reinstate the registration of any such alien who establishes within 2 years following the date of notification of the availability of such visa that such failure to apply was due to circumstances beyond the alien's control.

16. 8 U.S.C. 1155 states:

The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title. Such revocation shall be effective as of the date of approval of any such petition.

17. 22 C.F.R. 42.83(a) states:

Termination following failure of applicant to apply for visa. In accordance with INA 203(g), an alien's registration for an immigrant visa shall be terminated if, within one year after transmission of a notification of the availability of an immigrant visa, the applicant fails to apply for an immigrant visa.

18. 22 C.F.R 42.83(c) states:

Notice of termination. Upon the termination of registration under paragraph (a) of this section, the National Visa Center (NVC) shall notify the alien of the termination. The NVC shall also inform the alien of the right to have the registration reinstated if the alien, before the end of the second year after the missed appointment date if paragraph (a) applies, establishes to the satisfaction of the consular officer at the post where the alien is registered that the failure to apply for an immigrant visa was due to circumstances beyond the alien's control. If paragraph (b) applies, the consular officer at the post where the alien is registered shall, upon the termination of registration, notify the alien of the termination and the right to have the registration reinstated if the alien, before the end of the second year after the INA 221(g) refusal, establishes to the satisfaction of the consular officer at such post that the failure to present evidence purporting to overcome the ineligibility under INA 221(g) was due to circumstances beyond the alien's control.

## RELEVANT FACTS

19. Immigrating from abroad is a two step process which involves (1) approval of a Petition for Alien Relative (Form I-130) filed by the U.S. citizen petitioner, and (2) the beneficiary's application for immigrant visa processing at a U.S. consulate once a visa number is available. Under the "preference system," the number of people who can immigrate each year is limited, and dependent upon (i) the relationship between the petitioner and beneficiary, and (2) the country in which the beneficiary was born. The date the visa petition (Form I-130) is filed with the USCIS becomes, upon approval of the I-130, the beneficiary's "priority date" in the

Complaint for Relief Under the Administrative Procedure Act       5

preference system, i.e. the beneficiary's place in line for a visa. 22 C.F.R. § 42.43(a); 8 C.F.R. § 204.1(d). Siblings of U.S. citizens are in the fourth preference category, and generally have a lengthy wait for a visa number. *See* http://travel.state.gov/visa/frvi/bulletin/bulletin_4208.html (Visa Bulletin for May 2008, indicating that visa numbers are currently available for fourth preference immigrants from India with a priority date on or before January 1, 1997).

20. Mr. Singh's brother, Dharam Singh, was born on February 18, 1948 in the village of Padday Bet, District Kapurthala, Punjab, India. Dharam Singh became a naturalized U.S. citizen on November 6, 1987.

21. On May 9, 1988, Dharam Singh filed a Form I-130 alien/relative petition on behalf of his brother, Sukhwinder Singh. That petition was approved on September 6, 1991.

22. Sukhwinder Singh was born on May 12, 1958 in the village of Padday Bet, District Kapurthala, Punjab, India. In 1983, Mr. Singh was elected sarpanch, or mayor, of his village. One of his duties was to advocate for villagers unjustly arrested by police. As a result of his advocacy, Mr. Singh himself was mistreated by the Indian police on several occasions.

23. On November 27, 1991, Mr. Singh fled India and entered the United States without a valid travel document. He was stopped at JFK airport in New York and given an appointment to appear for deferred inspection. Mr. Singh was served with an Order to Show Cause ("OSC") on September 22, 1994. On February 22, 2005, Mr. Singh filed a Form I-485 application to adjust status based on his approved I-130 petition. On August 2, 2006, DHS filed a brief with the Immigration Judge ("IJ") arguing that Mr. Singh was ineligible to adjust status as the "visa upon which respondent seeks to adjust status has been revoked pursuant to sections 203(g) and 205 of the Immigration and Nationality Act, as amended ("INA") ans 22 C.F.R. § 42.83." In support of its position, DHS submitted a redacted copy of an email conversation between Assistant Chief Counsel Manning Evans and Timothy C. Swanson, Consul at the U.S. Embassy, New Delhi, and blank copies of the Form Letter DSL-1045 Notice of Termination of Registration and DSL-1046 Final Notice of Cancellation of Registration.

24. In the email correspondence submitted by DHS, the U.S. Consul states:

Complaint for Relief Under the Administrative Procedure Act     6

> We received the paper file NWD1991788001 on 14 September 2000. Our records show that Sukwinder Singh never applied for the visa. We mailed packet 4A to him on 4 September 2001, one year after we originally mailed him visa application materials. We mailed notifications to him on 5 September 2002 and 5 September 2003. Since he did not respond, we purged the paper file on or after 5 September 2004 and it no longer exists.

25. Neither Mr. Singh nor his brother ever received a notice that a visa had become available, that further action was required before Mr. Singh could apply for a visa, that DHS was going to terminate Mr. Singh's registration for failure to act upon his petition, or that Mr. Singh had a right to have the registration reinstated if he could demonstrate that his failure to apply for a visa was due to circumstances beyond his control.

## FIRST CAUSE OF ACTION
(Violation of the Administrative Procedure Act)

26. Plaintiffs repeat, allege, and incorporate paragraphs 1 through 25 above as if fully set forth herein.

27. Plaintiffs are persons aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 et. seq., for the reasons set forth below.

28. Defendants acted arbitrarily, capriciously and contrary to law in violation of the Administrative Procedure Act by failing to send notice that a visa had become available, that further action was required before Mr. Singh could apply for a visa, that DHS was going to terminate Mr. Singh's registration for failure to act upon his petition, or that Mr. Singh had a right to have the registration reinstated if he could demonstrate that his failure to apply for a visa was due to circumstances beyond his control.

//
//
//
//
//
//
//
//

Complaint for Relief Under the Administrative Procedure Act       7

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

(1) Accept jurisdiction over this action;

(2) Declare Defendants' termination of Mr. Singh's visa registration to be violation of the Administrative Procedure Act;

(3) Order the Defendants to immediately reinstate the registration of Mr. Singh's approved visa petition;

(4) Grant attorney's fees and costs of court under 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and other authority; and

(5) Grant such other and further relief as this Court deems just and proper under the circumstances.

DATED: May 7, 2008

Respectfully Submitted,

_____
Robert B. Jobe
LAW OFFICE OF ROBERT JOBE
550 Kearny, Suite 200
San Francisco, CA 94108
Tel:   (415) 956-5513
Fax:   (415) 956-0850
Email: bob@jobelaw.com

Attorney for Plaintiffs